UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

UNITED STATES OF AMERICA,

        Plaintiff,

      v.

$25,348 UNITED STATES CURRENCY,

        Defendant.

_____

21-CV-949-LJV-MJR
DECISION & ORDER

On August 20, 2021, the United States filed a verified complaint for forfeiture of $25,348 in United States currency (the "defendant currency") under 21 U.S.C. § 881(a)(6).  Docket Item 1.  On October 2 and 22, 2021, respectively, Adel Munassar filed a claim and an answer to the complaint.  Docket Items 7, 8.  And on October 31, 2021, this Court referred this case to United States Magistrate Judge Michael J. Roemer for all proceedings under 28 U.S.C. § 636(b)(1)(A) and (B).  Docket Item 9.

On April 14, 2022, Judge Roemer issued a Report and Recommendation ("first R&R") finding that the United States' motion to strike Munassar's claim and answer, Docket Item 15, should be granted.  Docket Item 19.  After no party objected to that recommendation, on June 6, 2022, this Court accepted and adopted the first R&R and struck Munassar's claim and answer.  Docket Item 22.  About a week later, the United States asked the Clerk of the Court to enter a default; the Clerk did so on June 15, 2022.[1]  Docket Items 24, 25.

_____

[1] As the government notes, the "time for any other potential claimants to file a verified [c]laim and [a]nswer in this action [has] expired."  Docket Item 26 at ¶ 14.  So

On June 21, 2022, the United States moved for a default judgment.  Docket Item 26.  Two months later, Judge Roemer issued a second Report & Recommendation ("second R&R"), this one finding that the United States' motion for a default judgment should be granted.  Docket Item 33.  No one objected to the second R&R, and the time to object now has expired.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2).[2]

A district court may accept, reject, or modify the findings or recommendations of a magistrate judge.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).  The court must review *de novo* those portions of a magistrate judge's recommendation to which a party objects.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).  But neither 28 U.S.C. § 636 nor Federal Rule of Civil Procedure 72 requires a district court to review the recommendation of a magistrate judge to which no objections are raised.  *See Thomas v. Arn*, 474 U.S. 140, 149-50 (1985).

Although not required to do so in light of the above, this Court nevertheless has reviewed Judge Roemer's second R&R as well as the submissions to him.  Based on that review, in the absence of any objections, and for the reasons that follow the Court accepts and adopts Judge Roemer's recommendation to grant the United States' motion for a default judgment.

---

"no potential claimant can now challenge the forfeiture."  *United States v. $7,000.00 U.S. Currency*, 2021 WL 4941007, at *3 (W.D.N.Y. Sept. 16, 2021).

[2] Munassar's attorney informed Judge Roemer several times throughout this case that he planned to withdraw and that another attorney would be entering an appearance.  *See* Docket Item 22 at 2 n.1.  Despite that, no new attorney has appeared in this case and Munassar's attorney has not withdrawn.  As noted above, Munassar's attorney did not object to either the first or second R&R.

Although "a defendant who defaults thereby admits all well-pleaded factual allegations contained in the complaint," a court "need not agree that the alleged facts constitute a valid cause of action." *City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 137 (2d Cir. 2011) (citations and internal quotation marks omitted). And the Second Circuit has "suggested that, prior to entering default judgment, a district court is required to determine whether the plaintiff's allegations establish the defendant's liability as a matter of law." *Id.* (alterations, citation, and internal quotation marks omitted). Accordingly, this Court "considers whether the unchallenged facts" alleged in the verified complaint "constitute a legitimate cause of action." *See United States v. Two Hundred & Eighty Thousand Dollars & Zero Cents, More or Less, in U.S. Currency*, 2021 WL 2980540, at *2 (E.D.N.Y. July 14, 2021) (citation and internal quotation marks omitted).

Under 21 U.S.C. § 881(a)(6), "[a]ll moneys, negotiable instruments, securities, or other things of value furnished or intended to be furnished by any person in exchange for a controlled substance . . ., all proceeds traceable to such an exchange, and all moneys, negotiable instruments, and securities used or intended to be used to facilitate any violation of this subchapter" are "subject to forfeiture to the United States and no property right shall exist in them." "[T]he burden of proof is on the [g]overnment to establish, by a preponderance of the evidence, that the property is subject to forfeiture." 18 U.S.C. § 983(c)(1). So where, as here, the government alleges that "the defendant currency was furnished, or intended to be furnished[,] in exchange for a controlled substance[] and was intended to be used to facilitate the sale, receipt, or possession of controlled substances," Docket Item 1 at ¶ 20, it "must demonstrate that [the defendant

currency] ha[s] a substantial connection to drug trafficking," *see Two Hundred & Eight Thousand Dollars & Zero Cents, More or Less*, 2021 WL 2980540, at *3.

As alleged in the verified complaint, Hamburg police officers seized the defendant currency during a traffic stop in the early morning hours of August 10, 2020. Docket Item 1 at ¶¶ 4-5, 7-8.  During the stop, the officers recovered "two small bags containing marijuana and a marijuana cigarette."  *Id.* at ¶ 5.  After the officers informed the driver, Basheer Saleh, that they intended to search the vehicle, Saleh "appeared to be nervous and stated, 'I don't want you searching my vehicle, I'm very private.'"  *Id.* at ¶ 6.

The officers then searched the vehicle and recovered $25,438, with $418 recovered from Saleh's person and $24,930 recovered from the center console of the vehicle.  *Id.* at ¶ 9.   The majority of the $24,930 recovered from the vehicle was comprised of $20 bills, and the currency was packaged with rubber bands.  *Id.* at ¶¶ 9-10.  When questioned about the currency, Saleh "could not give the officers an exact amount" but said that the money "was from his family business."  *Id.* at ¶ 8.  Saleh could not, however, "provide [the business's] exact address."  *Id.*  Saleh said that he intended to deposit the money "at a bank in the morning," but "[t]here were no deposit slips, envelopes, []or any other paperwork found with the currency."[3]  *Id* .

The officers then searched the vehicle and "located two black duffle bags and two empty black garbage bags" in the "trunk/rear cargo area of the vehicle."  *Id.* at ¶ 12.  The officers also "noticed an overwhelming smell of marijuana" coming from the

---

[3] In addition to the defendant currency, the officers also "recovered two [] phones," which "receiv[ed] multiple calls and texts" during the search.  Docket Item 1 at ¶ 11.  The officers "considered [this] odd" because of the early morning hour.  *Id.*

"trunk/rear cargo area."  *Id.*  After seizing the defendant currency, the officers brought the currency back to the Hamburg Police Station.  *Id.* at ¶ 17.  There, a drug-detection canine "alerted [officers] to the presence of a narcotic odor on a brown paper bag" that contained the defendant currency.  *Id.*

Saleh subsequently "was issued an appearance ticket" for unlawful possession of marijuana and a summons for speeding.  *Id.* at ¶ 13.  Saleh also "has two prior federal felony convictions for marijuana sale and conspiracy to distribute marijuana."  *Id.* at ¶ 18.

Other courts have found similar allegations adequate to establish the necessary connection between seized currency and narcotics trafficking.  *See, e.g.*, *United States v. $117,920.00 in U.S. Currency*, 413 F.3d 826, 829 (8th Cir. 2005) ("[T]he bags smelling of marijuana in [the claimant's] car [] support a connection between the money and drug trafficking."); *Two Hundred & Eighty Thousand Dollars & Zero Cents, More or Less*, 2021 WL 2980540, at *4 (considering fact that "the [defendant currency] was arranged in bundles of smaller bills wrapped in rubber bands," as well as the currency-holder's "history of narcotics offenses" and the currency-holder's "inability to specify how much money he was carrying"); *United States v. $32,507.00 in U.S. Currency*, 2014 WL 4626005, at *2 (S.D.N.Y. Sept. 16, 2014) ("Carrying large sums of cash is not *per se* evidence of drug-related illegal activity, but it is suggestive of involvement in illegal activity more generally." (citations and internal quotation marks omitted)).  Indeed, the presence of marijuana in the car, the storage bags in the car trunk reeking of marijuana, and Saleh's prior felony convictions for selling and conspiring to distribute marijuana provided an adequate nexus between the money and narcotics trafficking.  *Cf. United*

*States v. $16,037.00 U.S. Currency*, 2022 WL 3701197, at *5-7 (W.D.N.Y. Aug. 26, 2022) (dismissing forfeiture complaint where the only specific "allegations of drug trafficking" were that the currency-holder, who had no history of drug offenses, "smelled of marijuana on the day in question; a drug-detection canine [] alerted that drugs were present on the defendant currency; and the defendant currency included a lot of bundled twenty-dollar bills").

In sum, accepting the allegations in the verified complaint as true, and in the absence of any objections to Judge Roemer's first or second R&R, this Court agrees with Judge Roemer's recommendation to grant the United States' motion for a default judgment.

For the reasons stated above and in the second R&R, Docket Item 33, the United States' motion for a default judgment, Docket Item 26, is GRANTED.  A separate order of forfeiture will issue.


SO ORDERED.

Dated:      October 25, 2022
            Buffalo, New York


_____
LAWRENCE J. VILARDO
UNITED STATES DISTRICT JUDGE

6